UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN DAVID DANIEL,

       Petitioner,                        Civil Case No. 06-10718
                                          HONORABLE PAUL V. GADOLA
v.                                               UNITED STATES DISTRICT JUDGE

BLAINE LAFLER,

       Respondent,
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

      Allen David Daniel, ("petitioner"), presently confined at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his original habeas petition and in his amended habeas petition, both filed *pro se,* petitioner challenges his conviction for assault with intent to murder, M.C.L. § 750.83; and felony-firearm, M.C.L. § 750.227b. For the reasons stated below, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

    I.    BACKGROUND

      Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. On June 2, 2005, petitioner was sentenced to seventeen to thirty-five years in prison on the assault with intent to commit murder conviction and received a consecutive two year prison sentence on the felony-firearm conviction. By his own admission, petitioner's appeal from his conviction is pending in the Michigan Court of Appeals and no decision has been reached in the case.

    II.    DISCUSSION

The instant petition must be dismissed, because petitioner has not yet exhausted his state court remedies with respect to his conviction, due to the fact that his appeal remains pending in the Michigan Court of Appeals.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-278 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Grant v. Rivers*, 920 F. Supp. 769, 779 (E.D. Mich. 1996). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 675 (E.D. Mich. 2002). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

A habeas petition should be denied on exhaustion grounds where a state appeal or post-conviction motion remains pending. *See, e.g.*, *Juliano v. Cardwell*, 432 F. 2d 1051 (6th Cir. 1970). In this case, petitioner's appeal remains pending in the Michigan Court of Appeals. Moreover, if petitioner were to receive an adverse decision from the Michigan Court of Appeals, he would be required to seek leave to appeal from the Michigan Supreme Court in order to satisfy the exhaustion requirement. Because petitioner has not presented his claims to the Michigan Court of Appeals or

to the Michigan Supreme Court, he has not exhausted his state court remedies. *See Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003).

In his amended petition for writ of habeas corpus, petitioner acknowledges that his appeal is pending in the Michigan Court of Appeals, but contends that such an appeal is "moot," because the state courts lacked jurisdiction over his criminal case.

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). A habeas petitioner, however, has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999).

A number of cases have held that a habeas petitioner is required to exhaust any jurisdictional defect claim with the state courts before presenting such a claim to the federal courts in a petition for writ of habeas corpus. *See Banks v. Smith*, 377 F. Supp. 2d 92, 96 (D.D.C. 2005); *Warren v. Hogan*, 373 F. Supp. 1241, 1243 (S.D.N.Y. 1974); *United States ex. rel. Thomas v. Com. of Pa.*, 299 F. Supp. 651, 652 (E.D. Pa. 1969); *United States ex. rel. Hazen v. Maroney*, 217 F. Supp. 328, 329 (W.D. Pa. 1963). Moreover, a habeas petitioner's unsupported allegation that the state courts have conspired against him, which is similar to what petitioner is alleging here, is insufficient to establish futility to excuse a habeas petitioner from exhausting his state court remedies. *Banks*, 377 F. Supp. 2d at 95-96. In determining whether the futility exception to the exhaustion requirement applies, the "pertinent question" is not whether the state court would be inclined to rule in the habeas petitioner's favor, but whether there is any available state procedure for determining the merits of

petitioner's claim. *Spreitzer v. Schomig*, 219 F. 3d 639, 647 (7th Cir. 2000). Under Michigan law, petitioner is permitted to raise claims involving jurisdictional defects on appeal. *See, e.g.*, *People v. Price*, 337 N.W. 2d 614 (Mich. Ct. App. 1983). Because petitioner still has available state court remedies to raise his claims, he is not exempt from the exhaustion requirement.

In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction. *Geeter*, 293 F. Supp. 2d at 775. Thus, the Court finds that the most reasonable approach to be a dismissal without prejudice so that petitioner may pursue exhaustion of his state court remedies. *Id.*

Petitioner has failed to exhaust his state court remedies and still has an available state court remedy with which to do so. Although a district court has the discretion to stay a mixed habeas petition containing both exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court in the first instance, *see Rhines v. Weber*, 544 U.S. 269 (2005), in this case, a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court. *See Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004); *see also McCreary v. Smith*, 2005 WL 1349114, at * 3 (E.D. Mich. May 25, 2005).

In addition, the present habeas petition was filed with this Court before petitioner's conviction became final with the state courts pursuant to 28 U.S.C. § 2244(d)(1)(A). Because the one year limitations period has yet to begin running in this case, petitioner would not be prejudiced if his habeas petition was dismissed without prejudice during the pendency of his state court appeal. Thus, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for

petitioner's claims.  *See Schroeder v. Renico*, 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001).

    **III.**    **CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DISMISSED WITHOUT PREJUDICE.**


Dated:     June 20, 2006                               s/Paul V. Gadola
                                                                          HONORABLE PAUL V. GADOLA
                                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on     June 21, 2006    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Allen David Daniel         .


                                                       s/Ruth A. Brissaud
                                                     Ruth A. Brissaud, Case Manager
                                                     (810) 341-7845